U.S. MAGISTRATE COURT
JSH - SDTX
FILED

NOV -8 2012  CLR

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| EDDIE KLEPPINGER, JR., § § Plaintiff, § VS. § TEXAS DEPARTMENT OF § TRANSPORTATION, *et al.*, § § Defendants. § | CIVIL ACTION NO. 5:10-cv-124 |

## ORDER

Pending before the Court is "Plaintiff's Opposed Motion to Permit Sur-reply and Motion to Strike Defendant's Reply and Brief," filed July 11, 2012. (Dkt. No. 163). Therein, Plaintiff Eddie Kleppinger, Jr. requests that the Court strike "Defendants Ebert, Serna, Saenz, and Ball's Reply to Plaintiff's Response to Defendant's Motion to Compel." (*See* Dkt. No. 161). Plaintiff argues that Defendants "did not file a motion to permit the filing of a reply," and hence Defendants' reply should be struck, because "in the Southern District of Texas it is customary to file for leave of the Court, or notify the Court, before filing replies or sur-replies." (Dkt. No. 163, ¶ 2). Plaintiff also alleges that Defendants' reply "misrepresents relevant facts regarding their failure to confer with Plaintiff in good faith," and thus seeks permission of the Court to sur-reply, so that he may address certain matters he feels were presented to the Court for the first time in Defendant's Reply. (*Id.* ¶ 3).

Both Defendant's reply and Plaintiff's instant motion stem from, and relate to, "Plaintiff Eddie Kleppinger, Jr.'s Response to Defendants' Motion to Compel," (Dkt. No. 160), wherein Plaintiff contends, among other things, that "Defendants Ebert, Serna, Saenz, and Ball's Motion to Compel Discovery," (Dkt. No. 156), should be denied for Defendants' failure to comply with

1

Federal Rule of Civil Procedure 37. (Dkt. No. 160, ¶¶ 6, 39-44). As Plaintiff notes, this rule requires a movant to "include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In support of his contention, Plaintiff points to the fact that not only have Defendants "ma[d]e no such attempt[s]" to confer in good faith, but Defendants have also eschewed Plaintiff's "multiple good faith attempts to resolve these discovery matters." (Dkt. No. 160, ¶¶ 41-42). Much of Defendants' reply is therefore spent bolstering their position[1] that they did in fact "confer[ ] in good faith with Plaintiff in an effort to obtain complete discovery responses without the necessity of court action." (Dkt. No. 161, at 1). In his present motion, Plaintiff asserts that Defendants are "selectively inform[ing]" and "misleading" the Court about these conferral attempts, and reiterates that Defendants have failed to confer in good faith regarding Defendants' original motion to compel. (Dkt. No. 163, ¶ 4). As discussed below, Plaintiff's Motion to Permit Sur-reply is GRANTED, and Plaintiff's Motion to Strike Defendant's Reply and Brief is DENIED.

I. DISCUSSION

Although the Court will squarely address only Plaintiff's instant motion to strike Defendants' reply and his corresponding request to sur-reply, the motion cannot fully be disposed of without also addressing the underlying dispute regarding the requirement of a good faith conferral.

*a. Motion to Permit Sur-reply and Motion to Strike Defendants' Reply and Brief*

As noted above, Plaintiff bases his motion to strike on the fact that "Defendant[s] did not file a motion to permit the filing of a reply." (Dkt. No. 163, ¶ 2). But, as Plaintiff himself notes,

---

[1] In their reply, Defendants present a more comprehensive description of the May 1, 2012 conference call between them and Plaintiff, as well as include a copy of the letter they sent to Plaintiff, both of which they use to show compliance with the good faith conferral requirement of Rule 37. (Dkt. No. 161, at 1-3; *Id.*, Ex. 1).

2

"[t]here are no federal or local rules regarding the filing of either additional replies or sur-replies once a response to the original motion has been filed." (*Id.*). While there are local rules in various other federal districts in Texas and the Fifth Circuit that explicitly provide for the filing of a reply, there are also mandates in those districts that forbid those replies from presenting arguments raised for the first time. *See, e.g., Galderma Laboratories, L.P. v. Actavis Mid Atlantic LLC*, No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008). The Southern District of Texas, however, seems to neither explicitly provide for, nor limit, replies. *See In re Enron*, 491 F.Supp.2d 690, 704-05 (S.D. Tex. 2007) ("It is well established 'that a district court may rely on arguments and evidence presented for the first time in a reply brief as long as the court gives the nonmovant an adequate opportunity to respond.'") (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) (same). As there are no local rules governing the filing of replies, the decision of whether to consider said reply is solely within the discretion of the Court. *See Torregano v. Cross*, No. 06-6111, 2008 WL 4059573, at *2 (E.D. La. Aug. 27, 2008) (noting that decisions regarding replies "rel[y] on the interpretation and application of local rules and local practice," and as such, are "matters within the district court's discretion").

Additionally, local courts have found that a "sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Kozak v. Medtronic, Inc.*, No. H-03-4400, 2006 WL 5207231, at *4 (S.D. Tex. Sept. 28, 2006). Given that it could be argued Defendants presented new evidence in their reply, Plaintiff's Motion to Permit Sur-reply is GRANTED. However, there are a multitude of reasons why Plaintiff's motion to strike should be denied. There is no local requirement that Defendants

3

needed to seek leave to file their motion. No new arguments are being advanced by Defendants, and thus there is little to no prejudice to Plaintiff. Further, any potential prejudice to Plaintiff is negated by the Court's decision to consider Plaintiff's sur-reply. And most significantly, neither the content of Defendants' reply nor of Plaintiff's sur-reply changes this Court's opinion, as hereinafter discussed, on whether the Court should consider the merits of Defendants' motion to compel, *i.e.*, on whether Defendants have satisfied their duty to confer in good faith, pursuant to Federal Rule of Civil Procedure 37. As such, Plaintiff's Motion to Strike Defendants' Reply and Brief is DENIED.

### b. *Good Faith Conferral Requirement of Federal Rule of Civil Procedure 37*

While Federal Rule of Civil Procedure 37 allows a discovering party to "move for an order compelling disclosure or discovery," the rule also clearly dictates that a movant's motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff is correct in presuming that Defendants have failed to satisfy this good faith conferral requirement, if his facts are taken as true, as a single letter and a series of emails outlining the deficiencies in a party's discovery responses have been deemed insufficient to constitute a good faith conferral or attempt to confer. *See Limtiaco v. Auction Cars.Com, LLC*, No. 2:11-cv-00370, 2012 WL 5179708, at *3 (D. Nev. Oct. 17, 2012); *Velazquez-Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D. P.R. 2011); *Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959, at *3 (D. S.D. June 4, 2009). However, Defendants are also correct in asserting that they have in fact satisfied the good faith conferral requirement, if the Court were to accept their representations as true. *See Antonis v. Elecs. for Imaging, Inc.*, No. 07-cv-163-JL, 2008 WL 169955, at *1 (D. N.H. Jan. 16, 2008);

*Care Environmental Corp. v. M2 Technologies Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, *3 (E.D. N.Y. May 30, 2006). Rather than choosing to make an arbitrary credibility determination on which party's statements hold more weight, the Court instead notes that other district courts have focused largely on the relationship between the parties, and whether that specific relationship affords the possibility for "a genuine attempt to resolve the discovery dispute through non-judicial means." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996); *see Bolger v. District of Columbia*, 248 F.R.D. 339, 344 (D. D.C. 2008) (concluding that though the plaintiff's motion did not contain the requisite certification of good faith conferral, the court would not deny the motion to compel, because of the parties' ongoing discovery disputes for the prior fourteen months); *Barcosh, Ltd. v. Dumas*, No. 08-92-JVP-SCR, 2008 WL 4286506, at *1, *2 (M.D. La. Sept. 18, 2008) (considering the parties' prior conduct and unwillingness to produce discovery responses in a related matter in justifying the court's decision to find plaintiff's limited attempted to confer had satisfied Rule 37); *Pinkham v. General Prods. Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (suggesting that if a "real conference would be futile," then there would be no reason to dismiss the defendant's motion to compel); *Oleson v. Kmart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) (excusing the movant's failure to satisfy the good faith conferral requirement, because "based on the number and tenor of the discovery disputes" in the case, it was unlikely that the issues could have been resolved "by additional efforts to confer"); *see also Algonquin Heights v. United States*, No. 97-582 C, 2008 WL 2019110, at *1, *5 (Fed. Cl. Feb. 29, 2008) (finding the Federal Rule of Civil Procedure 37 as "persuasive" and determining that the "apparent acrimony between the parties" made the defendant's failure to telephone opposing counsel immaterial).

Considering the foregoing case law, the Court is of the opinion that it is somewhat irrelevant what exactly transpired during the conference call between Defendants and Plaintiff. As evidenced by the current series of filings, including motion, response, reply and motion to strike and sur-reply, as well as by the year-long mirror image of the present discovery dispute and filings, the Court is of the opinion that the parties in this matter would be unable to resolve the current discovery issues, even if the Court ordered additional efforts to confer. As such, the Court intends to address the merits of "Defendants' Ebert, Serna, Saenz, and Ball's Motion to Compel Discovery." (Dkt. No. 156). However, because the pending motion was filed in June, and, among other things, Plaintiff has since supplemented his answers and has since been ordered to submit to additional depositions, the Court is unsure of the status of the current discovery dispute. The Court therefore intends to hold a hearing in this matter on November 16, 2012, at 9:00 a.m., and both parties are to be present in the courtroom. The parties should independently determine what issues are still outstanding so that the Court may address those particular issues, and only those issues, in a forthcoming order.

IT IS SO ORDERED.

SIGNED this 8th day of November, 2012.

*[signature]*

J. SCOTT HACKER
United States Magistrate Judge

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**